FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You have requested my opinion with respect to whether the liability exposure of a self-insured county is increased by virtue of a clause contained in the standard Wisconsin Department of Transportation, Division of Highways, machinery agreement contract. The clause referred to in your letter provides "that all activities carried on on behalf of the state under any approved agreements between the *Page 138 
county and the state are covered under the terms of the county's self-insurance plan."
It is my opinion that this language does not increase the liability of a county for the negligence of its employes beyond that which it has in the absence of such language. You should be aware, however, that the issue of the constitutionality of the liability limits contained in secs. 81.15 and 895.43, Stats., is presently pending before the Wisconsin Supreme Court in the third appeal of Sambs v. City of Brookfield, 95 Wis.2d 1,289 N.W.2d 308 (Ct.App. 1980).
It is my further opinion that a county's liability limits are not increased by performing maintenance on a state highway pursuant to a contract with the state. The limit of liability of a county for the negligence of its employes is not changed by the nature of the highway on which they are working. The county is liable for the negligence of its employes whether they are working on a county highway or under contract with the state on a state highway. I am not aware of any legal basis for suggesting that the state is primarily liable for the negligence of county employes when they are working on a state highway. Such employes are engaged in working for the county as an independent contractor. AS YOU point out, the state compensates the county for such work, including a pro rata payment to cover insurance. If the county sees fit to become self-insured rather than to use such funds to purchase liability insurance, its liability exposure does not change.
Thus, the county is not asked to "insure the state for liability" as you suggest, but only to be responsible for its own employes in the performance of work undertaken pursuant to contract, and within the monetary limits set forth in the statutes. The county is not required to nor is it being requested to insure the state or its employes against liability which may be incurred by negligence of state employes.
BCL:TLP *Page 139